Ginger Pigott (SBN CA 162908)
Richard Tabura (SBN CA 298677)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
pigottg@gtlaw.com
taburar@gtlaw.com

Defendant MEDTRONIC, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON TOLBERT, | CASE NO. |
| Plaintiff, | DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL |
| v. | |
| MEDTRONIC, INC., MEDTRONIC NEUROMODULATION, and DOES 1-50, inclusive, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Medtronic, Inc. ("Medtronic") hereby gives notice of removal of this action, captioned *Sharon Tolbert v. Medtronic, Inc., et al.*, bearing case number BC699331, from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division. This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Medtronic, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1.      On March 28, 2018, Plaintiff Sharon Tolbert ("Plaintiff") filed a Complaint in the Superior Court for the County of Los Angeles naming as defendants the following purported defendants: Medtronic, Inc., Medtronic Neuromodulation, and unidentified Doe Defendants 1 to 50.[1] As explained in detail below in section III, Medtronic contends that the one-year limit on removal based on diversity should not bar Medtronic from removing this case because Plaintiff waited more than 16 months to serve Medtronic after filing her lawsuit.

2.      This action asserts causes of action for general negligence, products liability (strict liability, negligence, and breach of warranty), and breach of the Song-Beverly Warranty Act.

3.      Medtronic was first served with the Complaint on August 2, 2019. (See Compl., attached as **Exhibit A**.)

4.      Medtronic files this Notice of Removal within thirty (30) days after first being served.

5.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (i) the Court has original jurisdiction under 28 U.S.C. § 1332 and (ii) Medtronic has satisfied the procedural requirements for removal.

**VENUE AND JURISDICTION**

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84, 1391, 1441(a) and

---

[1] Defendant further states that Medtronic Neuromodulation is not a legal entity, but was used in the past to describe a business unit.

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL

Case 2:19-cv-07381-DMG-MRW   Document 1   Filed 08/26/19   Page 3 of 7   Page ID #:3

1446(a) because the Superior Court of California for the County of Los Angeles, where the Complaint was filed, is a state court within the Central District of California, Western Division.

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.     THE PARTIES ARE COMPLETELY DIVERSE

8.     Plaintiff Sharon Tolbert is a resident of the state of California. While Plaintiff's Complaint does not plead her citizenship, public records show that Plaintiff has resided in Los Angeles County since at least 1999. Further, Medtronic's records indicate Plaintiff was implanted with the medical device at issue in 2003 in a hospital in Los Angeles County. Based on the foregoing facts, Plaintiff is domiciled in California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile . . . [a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.")

9.     Defendant Medtronic, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota. Accordingly, Medtronic, Inc. is a citizen of Minnesota. *See* U.S.C. § 1332(c)(1).

10.     Defendant Medtronic Neuromodulation is not a legal entity.

11.     In accordance with 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists because Plaintiff and the only properly named defendant, Medtronic, are not citizens of the same state.

## II.     THE AMOUNT-IN-CONTROVERSY EXCEEDS $75,000

12.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL

accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

13.    Here, the Complaint seeks the following economic compensatory damages: wage loss, hospital and medical expenses, and loss of earning capacity. (Compl. ¶11, pg. 3 of 6.) The Complaint also seeks the following noneconomic damages: general damages, mental, physical, and nervous pain and suffering. (Compl. ¶¶11, 14, and GN-1, pg. 4 of 6.) The Complaint also seeks punitive damages. (Compl. ¶14, pg. 3 of 6.)

14.    Where a complaint fails to set forth a specific amount of damages, a defendant "must provide evidence establishing it is 'more likely than not' that the amount-in-controversy exceeds $75,000." *Bryan v. Apotex, Inc.*, No. 1:12-CV-01377-LJO, 2012 WL 5933042, at *3 (E.D. Cal. Nov. 27, 2012) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).)

15.    Given the nature of the alleged injuries and damages being sought in Plaintiff's Complaint, it is clear that the amount-in-controversy exceeds $75,000. *See, e.g.*, *Garcia v. Owens-Brockway Glass Container Inc.*, No. LACV1601889JAKRAOX, 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016) (complaint with single negligence cause of action sufficient on its face to establish jurisdictional minimum where it sought compensatory damages for severe injuries and pain and suffering); *Hammarlund v. C.R. Bard, Inc.*, No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("[C]ourts have found it facially apparent from [complaints alleging server injuries] that the amount in controversy was satisfied."); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where complaint asserted strict products liability, negligence, and breach of warranty claims and sought compensatory damages for resulting injuries); *Corbelle v. Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) (allegation of "wrongful death or permanent disability or other such facts . . . would clearly establish an amount in controversy in excess of $75,000."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Stanley v. Novartis*

*Pharm. Corp.*, 11 F. Supp. 3d 987, 1006 (C.D. Cal. 2014) ("Under California law, punitive damages in products liability actions are not statutorily limited.")

### III.   THE ONE-YEAR LIMIT ON REMOVAL BASED ON DIVERSITY SHOULD NOT APPLY WHERE PLAINTIFF HAS INTENTIONALLY WAITED TO SERVE DEFENDANT

16.     The one-year limit on removal based on diversity should not bar Medtronic from removing this case because Plaintiff waited more than 16 months to serve Medtronic after filing her lawsuit.

17.     The rule states that a "case may not be removed . . . on the basis of jurisdiction conferred by 1332 more than 1 year after commencement of the action, **unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action**." *See* 28 U.S.C. § 1446(c)(1) (emphasis added). In California, an action is "commenced" on the date the complaint is filed in state court. *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1469 (C.D. Cal. 1989) (applying California Law). Thus, here, the filing date of March 28, 2018 meant that the one-year clock expired months before Medtronic was served and provided notice of the action. Medtronic's position is that bad faith is evident from the failure to serve it properly under the applicable rules.

18.     ""Bad faith" in the context of diversity jurisdiction has not yet been defined by the Ninth Circuit." *Zazueta v. Nationstar Mortg. LLC*, No. 3:16-cv-05893-RJB, 2017 U.S. Dist. LEXIS 2927, at *5 (W.D. Wash. Jan. 9, 2017.) Further, the Ninth Circuit has not yet addressed whether the one-year time limit may be equitably extended. *Zendejas v. Shell Oil Co.*, No. CV-08-1720-PHX-DGC, 2008 U.S. Dist. LEXIS 104462, at *5 (D. Ariz. Dec. 10, 2008). However, other courts have applied equitable principles to allow removal by defendants first served after one year has passed. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316-1317 (9th Cir. 1998) (acknowledging, without deciding, that other courts have permitted removal under similar circumstances using equitable principals in an attempt to "ameliorate the fact that . . . a plaintiff need only file an action in state court and then wait one year before service, if he wishes to deprive the defendant of the ability to remove under

any circumstances"); *Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351, 353 (M.D. La. 1996) (denying plaintiff's motion to remand that argued a defendant's removal was filed beyond the one year limitation to "alleviate the abuses and inequities . . . where . . . the plaintiff attempts to manipulate the forum by withholding service on defendants until more than one year after the suit was filed in state court*"); Davis v. Merck & Co., Inc.* 357 F.Supp.2d 974, 978 (E.D. Tex. 2005) (recognizing "equitable" extension of 1-year deadline.)

19.    Here, Plaintiff alleges she discovered she had been injured by Medtronic's device on or about March 10, 2016.[2] (Compl. ¶Prod. L-1, pg. 5 of 6.) She waited until March 28, 2018 to file this action – either missing her two-year statute of limitations if March 10, 2016 was the discovery date, or coming in just under the wire if March 30, 2016 was her truthful discovery date. On top of that, she failed to comply with California Rules of Court Rule 3.110 that requires a named defendant to be served "within 60 days after the filing of the complaint." Compliance with the mandatory language of the rule, stating it "must" be served within that time, would have meant Medtronic would be well under the 12-month limitation outlined in 28 U.S.C. § 1446(c)(1). There can be no legitimate reason to explain why Plaintiff failed to serve her Complaint until August 2, 2019, other than a bad faith attempt to manipulate the rules to prevent Medtronic from removing this case. Plaintiff alleges that she was implanted with a Medtronic device in the late 1990s; thus she cannot legitimately argue it took time to discover who the manufacturer of her implant was. (Compl. ¶GN-1, pg. 4 of 6.) Further, Medtronic is a large corporation and it is no secret where it is located and where it can be served with process. Plaintiff's dilatory service on Medtronic can only be explained as an attempt to preclude Medtronic from removing this matter to Federal Court. For this reason, the one-year limit on removal based on diversity should not apply.

---

[2] Plaintiff also alleges that she discovered she had been injured by Medtronic's device on March 30, 2016. (Compl. ¶Prod L-1, page 4 of 6.)

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL

## IV.   **ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

20.   No previous application has been made for the relief requested herein.

21.   Pursuant to 28 U.S.C. § 1446(a), Medtronic attaches a copy of all process, pleadings, and orders from the state court docket, as **Exhibit A**.

22.   By filing this Notice of Removal, Medtronic does not waive any defense that may be available to it and reserves all such defenses.

23.   Pursuant to 28 U.S.C. § 1446(d), Medtronic will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## CONCLUSION

WHEREFORE, Defendant Medtronic, Inc. hereby removes this action from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California. Should any question arise as to the propriety of this removal, Defendant Medtronic, Inc. respectfully requests an opportunity to provide briefing and oral argument.

Respectfully Submitted,

DATED:  August 23, 2019          GREENBERG TRAURIG, LLP

By /s/ Ginger Pigott
Ginger Pigott
Richard Tabura
Defendant MEDTRONIC, INC.

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL